**Plaintiff**: Daniel Ndizeye
**Address**: 711 51st St, San Diego, CA 92114-1001, USA
**Phone NO**: (619) 394-2453
**Email**: danielndizeye100@gmail.com




**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

**'24CV0882 BAS BLM**

Daniel Ndizeye
**Plaintiff.**

v.

Judge Carolyn Caietti, in her official capacity as Judge of the Superior Court of California, County of San Diego
**Defendant.**
Case No.

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

DEMAND FOR JURY TRIAL

(1) Fourteenth Amendment (Due Process Clause)

(2) Violation of California Code of Civil Procedure §§ 170.1(a)(6)(A)(iii), 170.4(d), and 170.3(c)(5)

(3) Under 42 U.S.C. § 1983

Complaint filed: 05/20/2024

## I. INTRODUCTION

**1.** Plaintiff, Daniel Ndizeye, brings this action against Defendant, Honorable Carolyn Caietti, a judge of the Superior Court of California, County of San Diego, alleging grave violations of Plaintiff's rights under the *Fourteenth Amendment of the United States Constitution*, as codified in *42 U.S.C. § 1983*, and infractions of the *California Code of Civil Procedure § 170.1(a)(6)(A)(iii)*, *§ 170.4(d)*, and *§ 170.3(c)(5)*. Plaintiff seeks declaratory and injunctive relief, damages, and any other proper relief for Defendant's actions, which have deprived Plaintiff of his constitutional right to due process and a fair and impartial trial.

**2.** This action arises from the Defendant's failure to adhere to mandatory judicial disqualification procedures after a motion for disqualification was duly filed against her, in accordance with the *California Code of Civil Procedure § 170.1(a)(6)(A)(iii)*, which requires a judge's disqualification where their impartiality might reasonably be questioned. Despite clear statutory directives and the principles upheld in seminal cases such as *Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, 21 Fla. L. Weekly Supp. 908 (2009)*, which emphasize the due process implications of judicial impartiality, Defendant unjustly presided over her own disqualification proceedings, thereby compromising the integrity of the judicial process and blatantly

disregarding Plaintiff's due process rights, *Exhibit 1: Order Striking Plaintiff Daniel Ndizeye's Second Statement of Disqualification of Judge Carolyn M. Caietti.*

**3.** The actions of Defendant, documented in detail through various procedural discrepancies and biased judicial conduct, manifest a disturbing departure from the judicial standards of impartiality and fairness expected in our legal system. *Williams v. Pennsylvania, 136 S. Ct. 1899, 195 L. Ed. 2d 132 (2016)*, these actions not only tainted the judicial proceedings but also directly impacted Plaintiff's ability to receive a fair hearing, prompting this necessary legal action to correct the injustices endured by Plaintiff.

**4.** Through this complaint, Plaintiff seeks to hold Defendant accountable under federal law for overstepping her judicial bounds and violating fundamental constitutional rights guaranteed to Plaintiff. The complaint further aims to restore the integrity of the judicial process and ensure such violations are not perpetrated with impunity, *Wersal v. Sexton, 674 F.3d 1010 (8th Cir. 2012).*

## II. PARTIES

**1. Plaintiff Daniel Ndizeye** is a resident of San Diego, California. Mr. Ndizeye is a self-represented litigant who brings this action seeking redress for violations of his civil rights pursuant to the *Fourteenth Amendment of the United States Constitution* and *42 U.S.C. § 1983*, as well as violations of specific provisions of the California Code of Civil Procedure that govern judicial conduct and disqualification. Plaintiff asserts that his rights to a fair and impartial trial have been severely compromised by the actions of the Defendant as detailed herein.

**2. Defendant Honorable Carolyn Caietti** is sued in her official capacity as a judge of the Superior Court of California, County of San Diego, presiding in Department C-70. Defendant has jurisdiction over matters pertaining to civil rights and various other legal disputes. The actions giving rise to this complaint involve Defendant's failure to recuse herself from proceedings in which her impartiality might reasonably be questioned, contrary to the requirements of *California Code of Civil Procedure §§ 170.1(a)(6)(A)(iii)*, *170.3(c)(5)*, and *170.4(d)*, and her rulings that have prejudiced the Plaintiff's right to a fair proceeding.

**3. The Superior Court of California, County of San Diego**, is included as a nominal defendant as it is the entity under which the Defendant operates. Inclusion of the Court is necessary for the effective granting of the declaratory and injunctive relief sought herein.

**4. Reliable Individuals in Department C-70:** Any staff or clerks in Department C-70 who have directly observed or have knowledge of the Defendant's conduct in question may be relevant to the claims of this action. These individuals, although not named as defendants, might serve as witnesses to corroborate instances of the alleged partiality and procedural mismanagement by the Defendant. Names and exact roles of such individuals will be ascertained through discovery processes and included as material witnesses.

## III. NATURE OF THE CASE

**1.** This action arises from a profound violation of constitutional rights and judicial standards, as experienced by Plaintiff Daniel Ndizeye, stemming from the actions of Defendant Honorable Carolyn Caietti, who failed to adhere to the mandatory disqualification statutes under California law and compromised Plaintiff's right to due process guaranteed by the *Fourteenth Amendment of the United States Constitution*.

**2. Constitutional Rights and Due Process Violations:** Plaintiff alleges that the Defendant has violated the *Due Process Clause of the Fourteenth Amendment* by not recusing herself from the proceedings after a valid disqualification motion was filed, *Exhibit 2: First Amended Statement of Disqualification*. This failure has biased the proceedings and affected their outcome, undermining the fundamental constitutional guarantee of an impartial judge. The Supreme Court in *Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, 21 Fla. L. Weekly Supp. 908 (2009)*, clearly established that "extreme facts create a probability of bias" sufficiently high to warrant recusal and to prevent an unconstitutional bias in judicial proceedings. The actions of the Defendant reflect a disregard for this constitutional requirement, as she continued to preside over the case without addressing the claims of bias and partiality presented against her, *Exhibit 1: Order Striking Plaintiff Daniel Ndizeye's Second Statement of Disqualification of Judge Carolyn M. Caietti.*

**3. Violations of California Judicial Disqualification Statutes:** Further, Defendant has violated *California Code of Civil Procedure §§ 170.1(a)(6)(A)(iii), 170.3(c)(5)*, and *170.4(d)*, which delineate the process and necessity for judicial disqualification. According to these statutes, a judge must disqualify themselves in any proceedings in which their impartiality might reasonably be questioned. The Defendant's decision to self-rule on her own disqualification motion and to continue with case proceedings without allowing another impartial judge to review the disqualification undermines the statutory requirements and the integrity of the judicial process, *Exhibit 1: Order*

*Striking Plaintiff Daniel Ndizeye's Second Statement of Disqualification of Judge Carolyn M. Caietti,* and *Exhibit 3: Order Striking Plaintiff Daniel Ndizeye's Statement of Disqualification of Judge Carolyn M. Caietti.*

**4. Impact of Judicial Misconduct:** The actions of Defendant not only raise serious questions about judicial impartiality but also significantly impact the administration of justice. As noted in *Mireles v. Waco, 502 U.S. 9 (1991)*, although judicial immunity is an important aspect of judicial independence, it does not protect actions taken in the clear absence of all jurisdiction or actions that violate express statutory provisions regarding judicial conduct, *Exhibit 1: Order Striking Plaintiff Daniel Ndizeye's Second Statement of Disqualification of Judge Carolyn M. Caietti.*

**5. Relief Sought:** In response to these violations, Plaintiff seeks both declaratory and injunctive relief to nullify the biased decisions made in the case and to prevent Defendant from further presiding over this case or similar cases until a fair and impartial review of her qualifications and impartiality can be conducted. The lawsuit also seeks a review and reversal of any procedural and substantive decisions made under the influence of this demonstrated bias.

**6.** This case is pivotal not only for the restoration of Plaintiff's rights but also for upholding the public's confidence in the judicial system. The actions challenged in this lawsuit go to the heart of the judiciary's role in ensuring fair and unbiased administration of justice. As the proceedings have fundamentally failed to meet these standards, judicial intervention is urgently required to correct these violations and restore integrity to the process.

## IV. JURISDICTION AND VENUE

**1. Jurisdiction:** This Court has jurisdiction over the subject matter of this action pursuant to *28 U.S.C. § 1331*, as this lawsuit raises federal questions involving violations of the United States Constitution and federal law. Specifically, Plaintiff alleges violations of his civil rights under *42 U.S.C. § 1983*, which provides a federal remedy against any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. The action is brought to address the unconstitutional bias and lack of impartiality demonstrated by Defendant, which directly contravenes the *Due Process Clause of the Fourteenth Amendment.*

**2. Venue:** Venue is proper in the United States District Court for the Southern District of California pursuant to *28 U.S.C. § 1391(b),* which stipulates that a civil action may be brought in a judicial district where any defendant resides if all defendants are residents of the State in which the district is located, or in a district where a substantial part of the events or omissions giving rise to the claim occurred. The appropriateness of this venue is supported by the following considerations:

a) **Location of Events:** The events giving rise to the claims occurred within this judicial district, specifically in the Superior Court of California, County of San Diego, where Defendant presides.

b) **Residence of Defendant:** The Defendant, being a judge in the Superior Court of California, County of San Diego, resides in this district. According to the established precedent, a judicial officer's official acts, including potential statutory and constitutional violations, anchor venue in the district where such actions were taken. In *Leroy v. Great W. United Corp., 443 U.S. 173, 99 S. Ct. 2710 (1979)*, the Supreme Court emphasized that significant weight is given to the plaintiff's choice of venue, particularly when the chosen venue is intimately connected with the underlying events of the lawsuit.

**3.** Therefore, based on the location where the alleged violations occurred and where Defendant resides, this district is the most appropriate and logical forum for the adjudication of these disputes. Moreover, considering that this case involves public trust and judicial integrity, it is in the interests of justice that the case be tried in the community most affected by the outcomes of these proceedings.

## V. FACTUAL BACKGROUND

**1. Plaintiff: Daniel Ndizeye:** Daniel Ndizeye, the Plaintiff in this action, is a resident of San Diego, California, and represents himself in this lawsuit. Mr. Ndizeye filed this federal civil rights lawsuit under *42 U.S.C. § 1983* and the *Fourteenth Amendment* due to actions that have deprived him of his constitutional rights to due process and a fair trial. Mr. Ndizeye's background as a concerned citizen and victim of the alleged judicial misconduct provides him with a unique perspective on the necessity for judicial accountability and the safeguarding of civil rights within the judiciary system.

**2. Defendant: Honorable Carolyn Caietti** serves as a judge in the Superior Court of California, County of San Diego, specifically assigned to Department C-70. She has been implicated in actions detrimental to the

administration of justice in Plaintiff's underlying case against the City of San Diego, where she exhibited a failure to recuse herself after a valid motion for disqualification was filed against her, leading to a reasonable question of her impartiality.

**3. Initiation of Lawsuit:** On August 14, 2023, Plaintiff filed a lawsuit against the City of San Diego, citing longstanding road negligence spanning 59 years, which violates state, federal, and local ordinances. This case, registered under case number 37-2023-00034911-CU-CR-CTL, was assigned to Judge Carolyn Caietti, who initially had judicial authority over the proceedings.

**4. Chronology of Events and Judicial Actions:** During the course of the litigation, the original hearing for Demurrer / Motion to Strike was rescheduled three times, with dates set for January 26, 2024, April 5, 2024, and May 2, 2024. Throughout these proceedings, Plaintiff perceived procedural biases and inaccuracies in the judicial record-keeping, which culminated in the filing of a Statement of Disqualification against Judge Caietti. Contrary to the judicial duty and the explicit requirements of the *California Code of Civil Procedure §§ 170.1(a)(6)(A)(iii), 170.3(c)(5), and 170.4(d),* Judge Caietti self-ruled on her own disqualification, leading to a dismissal of the disqualification statement without the oversight of an impartial judge, an action clearly documented in *Exhibit 4: Statement of Disqualification* and *Exhibit 3: Order Striking Plaintiff Daniel Ndizeye's Statement of Disqualification of Judge Carolyn M. Caietti.*

**5. Legal Precedent and Interpretation:** These actions by Judge Caietti raise significant legal issues regarding the due process rights of litigants and the integrity of the judicial process. The self-ruling on her disqualification directly conflicts with the principles set forth in *Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, 21 Fla. L. Weekly Supp. 908 (2009),* which underscores the necessity of judicial recusal when "extreme facts create a probability of bias." Furthermore, the failure to ensure an impartial judge review such a motion undermines the fundamental principles upheld by *Mireles v. Waco, 502 U.S. 9 (1991)*, where the Supreme Court confirmed that judicial immunity does not protect actions taken in the clear absence of jurisdiction or procedural fairness.

**6. Continued Violations of Disqualification Procedures:** Continuing from the events previously described, the Plaintiff, Daniel Ndizeye, demonstrated proactive legal diligence by filing an amended statement of disqualification on April 25, 2024. This document, referenced as Exhibit 2: *First Amended Statement of*

*Disqualification*, explicitly reminded the Defendant, Judge Carolyn Caietti, of the legal stipulations that preclude a judge from ruling on their own disqualification, as mandated by *California Code of Civil Procedure §§ 170.1(a)(6)(A)(iii), 170.3(c)(5), and 170.4(d)*, which asserts the necessity for an impartial judicial review in disqualification proceedings.

**7. Dismissal of Case Under Erroneous Grounds:** Despite this clear statutory directive, Judge Caietti persisted in her procedural misjudgments by issuing another order that struck down the amended statement of disqualification, documented as *Exhibit 1: Order Striking Plaintiff Daniel Ndizeye's Second Statement of Disqualification of Judge Carolyn M. Caietti*. This action further exemplified the judge's disregard for established legal norms and her obligations under the law.

**8.** On May 2, 2024, during the scheduled hearing, Plaintiff once again reminded Judge Caietti of her legal limitations, asserting that she lacked the authority to preside over the case due to the unresolved disqualification motion. In response to the ongoing judicial oversight, Plaintiff filed a Motion to Stay Proceedings Pending Resolution of Judicial Disqualification, aiming to halt further proceedings until the disqualification issue was properly addressed. This motion, referenced as *Exhibit 5: Motion to Stay Proceedings Pending Resolution of Judicial Disqualification*, was summarily dismissed by Judge Caietti, who continued to exercise judicial authority over the case.

**9.** In a concluding act that compounded the previous procedural violations, Judge Caietti dismissed the underlying case against the City of San Diego on purported grounds of the statute of limitations. This dismissal ignored the ongoing hazardous condition of the road, which should have tolled the statute of limitations under principles that acknowledge the continuous nature of certain harms and liabilities.

**10. Legal Precedents and Statutory Interpretations:** The actions taken by Judge Caietti contravene the fundamental legal principles outlined in Court in *Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, 21 Fla. L. Weekly Supp. 908 (2009),* where the U.S. Supreme Court held that due process is violated when a judge with a significant potential for bias presides over a case. Additionally, the disregard for the statutory process for judicial disqualification mirrors concerns addressed in *Mireles v. Waco, 502 U.S. 9 (1991)*, emphasizing that judicial immunity does not shield judges from actions taken outside of their judicial capacity or in the absence of jurisdiction.

**11.** The Plaintiff's experiences and the Defendant's actions underscore a significant departure from the procedural and ethical standards expected in the judiciary, thus necessitating this Court's intervention to rectify the due process violations suffered by the Plaintiff.

## VI. CLAIMS FOR RELIEF

**1. Count I – Violation of Due Process (42 U.S.C. § 1983):** Plaintiff Daniel Ndizeye asserts this claim against Defendant Honorable Carolyn Caietti, under *42 U.S.C. § 1983*, for deprivation of the constitutional right to due process as guaranteed by the *Fourteenth Amendment of the United States Constitution*. Defendant, in her official capacity as a judge of the Superior Court of California, County of San Diego, failed to uphold the fundamental judicial standard of impartiality and procedural fairness required by law.

**2. Allegations:**

a) **Self-Ruling on Disqualification Motion:** Defendant Judge Caietti violated Plaintiff's due process rights when she elected to rule on her own motion for disqualification, a clear contravention of the requirements set forth in the *California Code of Civil Procedure §§ 170.1(a)(6)(A)(iii), 170.3(c)(5), and 170.4(d)* which stipulates the necessity for another judge to preside over such matters. This self-ruling directly compromised the impartiality of the judicial process and demonstrated a prejudicial bias contrary to the principles of justice.

b) **Continued Presiding Over Case:** Following the improper dismissal of the disqualification motion, Defendant continued to preside over the Plaintiff's case, including making substantive rulings that affected the outcome of the case. Her actions during this period further entrenched the deprivation of the Plaintiff's right to an impartial tribunal, as mandated by constitutional due process, *Wersal v. Sexton, 674 F.3d 1010 (8th Cir. 2012)*.

c) **Dismissal of Plaintiff's Case on Erroneous Grounds:** The culmination of these biased proceedings resulted in the dismissal of Plaintiff's case based on an inapplicable statute of limitations, further evidencing the prejudicial impact of Defendant's continued involvement in the case after her disqualification was sought, *U.S. v. Rodriguez, 627 F.3d 1372 (11th Cir. 2010)*.

**2. Legal Basis for Relief:** The actions taken by Defendant Judge Caietti are indicative of a profound disrespect for the constitutional guarantees that underpin the justice system. According to *Caperton v. A.T. Massey*

*Coal Co., 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, 21 Fla. L. Weekly Supp. 908 (2009)*, the Due Process Clause of the *Fourteenth Amendment* is violated when a judge's outcome of a case could offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant. The principle that judicial decisions made under a probable bias violate due process applies with equal force.

**3.** Moreover, in *Mireles v. Waco, 502 U.S. 9 (1991)*, although it was established that judicial immunity is an essential aspect of judicial independence, it was also noted that actions taken in the clear absence of all jurisdiction do not enjoy such immunity. By ruling on her own disqualification, Judge Caietti acted outside the boundaries of her judicial authority, thereby stripping herself of immunity for those actions.

**4. Relief Sought:** Plaintiff seeks a declaratory judgment that the actions taken by Defendant, specifically her self-ruling on the disqualification motion and subsequent judicial conduct in the case, violated Plaintiff's constitutional rights. Plaintiff further requests an order from this Court mandating the reversal of all decisions made by Defendant and post-disqualification, including the wrongful dismissal of his case. Additionally, Plaintiff seeks compensatory and punitive damages for the violations suffered, along with any other relief this Court deems just and proper.

**4. Count II – Request for Declaratory Judgment:** Plaintiff requests a declaratory judgment pursuant to *28 U.S.C. § 2201*, which provides for the declaration of rights and legal relations in a case of actual controversy. Plaintiff seeks a declaration that the actions taken by Defendant, specifically her decision to self-rule on the disqualification motion and her continued involvement in Plaintiff's case thereafter, are unlawful and invalid under both federal and state law.

**5. Legal Basis:**

a) A declaratory judgment is warranted to establish the rights and legal relations of the parties and to direct future conduct to ensure adherence to legal standards, thus preventing ongoing violations of Plaintiff's rights. *Express Scripts, Inc. v. Intel Corporation, Case No. 4:09CV00796 ERW (E.D. Mo. Mar. 3, 2010)*, supports the notion that declaratory judgment is warranted to establish the rights and legal relations of the parties and to direct future conduct, thus preventing ongoing violations of a plaintiff's rights.

**6. Count III – Request for Injunctive Relief:** Plaintiff seeks injunctive relief to prevent Defendant from taking any further action in Plaintiff's case or any related matters. This request is made under the *Federal Rules of Civil Procedure Rule 65*, which governs the issuance of preliminary and permanent injunctions.

**7. Legal Justification:**

a) The issuance of an injunction is necessary to prevent ongoing and irreparable harm to Plaintiff's legal rights and to maintain the integrity of the judicial process. As established in *eBay Inc. v. Mercexchange, L. L. C., 547 U.S. 388, 126 S. Ct. 1837 (2006)*, a party seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

**8. Prayer for Relief:** Plaintiff seeks an order enjoining Defendant from any further proceedings in Plaintiff's case and any related actions, ensuring compliance with judicial standards and the preservation of constitutional governance.

## VII. DEMAND FOR JURY TRIAL

**1.** Pursuant to *Rule 38* of the Federal Rules of Civil Procedure, Plaintiff Daniel Ndizeye hereby demands a trial by jury on all issues so triable within this action. Plaintiff asserts this right to a jury trial based on the constitutional guarantee of a jury trial in civil actions where legal rights are to be determined. This demand is made in consideration of the nature of the claims presented and the relief sought, which includes compensatory and punitive damages arising from violations of Plaintiff's civil rights under *42 U.S.C. § 1983* and the *Fourteenth Amendment of the United States Constitution*.

**2. Legal Justification:** The *Seventh Amendment to the United States Constitution* provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved..." The Supreme Court has interpreted this provision to apply to actions for damages and other legal remedies (as opposed to purely equitable claims) in federal civil cases. As established in Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959), when legal claims are joined with equitable ones, the right to a jury trial on the legal claims, including claims for damages, must generally be preserved.

**3.** Given the nature of the Plaintiff's claims involving the assessment of damages and the evaluation of alleged constitutional violations, a jury trial is not only appropriate but also essential to ensure that these determinations are made impartially and in accordance with the democratic principles underlying the *Seventh Amendment.*

## VIII. Declaration Under Penalty of Perjury

**1.** "I, Daniel Ndizeye, Plaintiff in the above-captioned case, declare under penalty of perjury under the laws of the State of California, pursuant to *California Code of Civil Procedure § 2015.5*, and under the laws of the United States, pursuant to *18 U.S.C. § 1621*, that the foregoing is true and correct."

**Dated:** May 18, 2024.
**Name:** Daniel Ndizeye
**Phone Number:** (619) 394-2453
**Email:** danielndizeye100@gmail.com
**Address:** 711 51st St, San Diego, CA 92114-1001, USA

**By:** ______________________

**Pro Se, Plaintiff:** Daniel Ndizeye