UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Daniel NDIZEYE, | Case No.: 24-cv-0882-AGS-BLM |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2)** |
| v. | |
| Judge Carolyn CAIETTI, | |
| Defendant. | |

Plaintiff Daniel Ndizeye, suing for alleged civil-rights violations under 42 U.S.C. § 1983, moves to proceed in forma pauperis. For the reasons below, that motion is denied.

Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). An application for IFP status is sufficient if it indicates "that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Yet an IFP application must "allege poverty with some particularity, definiteness and certainty." *Id.* (cleaned up).

Ndizeye states that his income—from all sources—is zero dollars, and that he has zero dollars in cash. (ECF 2, at 1–2.) Yet he claims his mother and father rely on him for support. (*Id.* at 4.) He owns no vehicle, pays zero dollars for housing or food, and has no monthly expenses. (*Id.* at 4–5.) But somehow he has spent, or plans to spend, $1,000 "in conjunction with this lawsuit." (*Id.* at 5.) His sole explanation for these incongruous

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed without prepayment. *Id.*

assertions is that he is "a college student" whose "financial resources are limited and strictly allocated for educational expenses." (*Id.*) Thus, he is "unable to allocate funds for matters . . . such as legal proceedings." (*Id.*) While an income of zero dollars—even against no monthly expenses—would generally qualify for IFP status, this filing does not allege Ndizeye's poverty with the required "particularity, definiteness and certainty." Without more explanation, this Court "is left with questions that could go to the accuracy and completeness of the affidavit." *See Peter J. v. Kijakazi*, No. 23-cv-02240-JLB, 2023 WL 9111249, at *2 (S.D. Cal. Dec. 8, 2023) (denying IFP motion "devoid of any information about the resources" with which movant "supports himself"); *see also Spitters v. Micelli*, No. 21-CV-05138-TSH, 2021 WL 11586325, at *2 (N.D. Cal. Aug. 2, 2021) (same). Because Ndizeye's application stumbles at the outset, the Court does not reach the next step of screening his complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the IFP motion is **DENIED** without prejudice. By June 28, 2024, Ndizeye must either (1) file a renewed motion for leave to proceed in forma pauperis that addresses the identified deficiencies or (2) pay the requisite filing fee. If Ndizeye has done neither by that date, the Clerk is directed to close this case.

Dated:  June 7, 2024

_____
Andrew G. Schopler
United States District Judge